CASE 6—PETITION ORDINARY—DECEMBER 18.

## Browning vs. Fountain.

APPEAL FROM FLEMING CIRCUIT COURT.

A note executed by sureties for the purpose of enabling the principal to raise money thereon, and which is used for that purpose, is binding on the sureties, although the money be obtained, not from the payee, but from another. (14 *B. M.*, 351; 16 *B. M.*, 201.)

L. M. Cox for appellant.

W. S. Botts, for appellee, cited 14 *B. M.*, 351; 16 *B. M.*, 204; 10 *B. M.*, 270; 1 *Met.*, 651; 2 *Met.*, 615; 2 *B. M.*, 299.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT:

It is entirely clear that the note sued on in this case was executed by the sureties of Montgomery, for no other purpose than to enable the latter to raise money upon it. And it is equally clear that the note was used for that purpose, and for that purpose only. It was placed by Montgomery in the hands of Fountain, who, not having the money himself, obtained the amount from Muse on his own note.

The case is therefore not distinguishable from the case of

*Ward vs. Northern Bank Ky.* (14 *B. M.*, 351). It is a mistake to suppose that the authority of that case has been since questioned by this court. On the contrary, it was referred to with approval in the subsequent case of *Russell vs. Ballard,* the facts of the latter case being essentially different from those of the former. In both cases the notes were executed for the purpose of enabling the principal to raise money. In the one case the purpose was accomplished and the sureties held bound, although the note was payable to the Northern Bank, and the money upon it was obtained from Hall. In the other case the purpose was defeated, the note having been transferred by the principal in payment of a pre-existing debt, and upon that ground the sureties were exonerated from liability.

The judgment is affirmed.